IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Wayne Marietta,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Charles L. Ryan; et. al.,<br><br>　　　　Respondents. | No. CV 10-184-TUC-DCB (HCE)<br><br>**REPORT & RECOMMENDATION** |

Pending before the Court is Petitioner's *pro se* Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. §2254 (Doc. 1). Pursuant to the Rules of Practice of this Court, this matter was referred to the undersigned Magistrate Judge for Report and Recommendation. For the following reasons the Magistrate Judge recommends that the District Court dismiss the Petition.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In 2005, Petitioner was convicted after a jury trial of Sexual Conduct with a Minor and Attempted Sexual Conduct with a Minor. (Respondents' Answer (Doc. 10), p. 2 & Exh.

A, ¶1 & Exh. F, ¶2).[1] He was sentenced to a presumptive 20-year prison term on the sexual conduct conviction, to be followed by lifetime probation on the attempted sexual conduct conviction. (*Id.*).

Petitioner appealed his convictions by challenging:

1. the admission of certain expert testimony;
2. the denial of his motion for a change of trial judge;
3. the admission of alleged hearsay statements;
4. the trial judge's attempt to rehabilitate two jurors during voir dire;
5. the admission of other-act evidence; and
6. the jury instruction on reasonable doubt.

(Answer, p.2 & Ehx. A).

On March 29, 2007, the Arizona Court of Appeals found all the claims either precluded or meritless and affirmed Petitioner's convictions and sentences. (*Id.*). Petitioner sought review by the Arizona Supreme Court which was denied without comment. (Answer, p.2 & Exhs. B, C).

On August 31, 2007, Petitioner filed a Notice of Post-Conviction Relief (Answer, Exh. D). Thereafter, appointed counsel filed a notice stating that after thoroughly reviewing the record, he could find no meritorious ground for post-conviction relief. (Answer, Exh. F, ¶3; Petition, Exh. C). In May 2008, Petitioner filed a *pro se* Petition for Post-Conviction Relief (hereinafter "PCR Petition") wherein Petitioner argued that his constitutional rights were violated because some of the male jurors did not reveal during voir dire that they had

---

[1] The appellate court decision on direct review and on review of Petitioner's post-conviction relief proceeding indicate that Petitioner stands convicted of sexual conduct and attempted sexual conduct with his minor stepdaughter. (*See* Answer, Exh. A, ¶1 & Exh. F, ¶2). Petitioner's Petition and the trial court's ruling in Petitioner's post-conviction relief proceeding indicate that Petitioner was convicted of two counts of Sexual Conduct with a Minor Under the Age of Fifteen. (Petition, p. 2; Answer, Exh. E, p.1).

been victims of molestation as children.² (Answer, Exhs. E, F, G; *see also* Petition, p. 4).

In August 2008, the trial court summarily denied Petitioner's claim regarding juror misconduct as precluded.³ (Answer, Exh. F, ¶5 & Exh. G, p.30). Thereafter, the trial court "later set aside that ruling and allowed the state to file a response to the petition and [Petitioner]... to file a reply." (Answer, Exh. F, ¶5).

On November 4, 2008, the trial court denied Petitioner's PCR Petition. (Answer, Exh. E). The trial court held that Petitioner's claim regarding juror misconduct was precluded by Ariz.R.Crim.P. 32.2(a)(1).⁴ (*Id.* at p.2). The trial court further found that Petitioner failed to provide the court with competent evidence of juror misconduct and, thus, there was no colorable basis to allow a hearing on that issue. (*Id.*). Additionally, the trial court denied as precluded, Petitioner's claim that evidence presented at trial was insufficient to support a guilty verdict because that claim could have been raised on direct appeal and was not. (*Id.*).

Petitioner sought appellate review of the trial court's denial of his PCR Petition. (Answer, Exh. G). On June 23, 2009, the appellate court issued its opinion granting review

---

² Petitioner's PCR Petition has not been made part of the instant record. The record reflects that Petitioner also claimed in his PCR Petition that the testimony presented at trial was insufficient to support a guilty verdict. (*See* Answer, Exh. E, p.2). The instant action may be resolved without the PCR Petition given that Respondents concede that Petition raised in his PCR Petition: (1) that some of the jurors failed to disclose that they had been molested as children; and (2) that the State failed to prove his guilt beyond a reasonable doubt. (*See* Answer, p. 3).

³The trial court's August 2008 Order is not part of the instant record.

⁴Rule 32.2(a) of the Arizona Rules of Criminal Procedure provides:
a. Preclusion. A defendant shall be precluded from relief under this rule based upon any ground:
  (1) Raisable on direct appeal under Rule 31 or on post-trial motion under Rule 24;
  (2) Finally adjudicated on the merits on appeal or in any previous collateral proceeding;
  (3) That has been waived at trial, on appeal, or in any previous collateral proceeding.
Ariz.R.Crim.P. 32.2(a).

- 3 -

but denying relief. (Answer, Exh. F). In pertinent part, the appellate court stated that the trial court's ruling was "sustainable on any of several grounds[]" and held that Petitioner's juror misconduct claim was precluded under Ariz.R.Crim.P. 32.2 as waived.[5] (*Id.* at ¶7). The appellate court also agreed with the trial court's alternative ruling denying the claim because Petitioner failed to present competent evidence of juror misconduct and a colorable allegation of prejudice. (*Id.* at ¶¶8-12). Petitioner sought review of the appellate court's decision and, on December 4, 2009, the Arizona Supreme Court denied review without comment. (Answer, Exhs. H, I).

## II. FEDERAL PETITION

Petitioner seeks habeas relief on one ground:

> Jury bias existed violating...his due process right to a fair trial and an impartial jury. Evidence withheld from the court and defense during voir dire questioning denied Petitioner's Sixth and Fourteenth Amendments [sic] rights. Statements made by some of the male jurors to the other jurors during the jury deliberations influenced [sic] the verdict of the other jurors.

(Petition, p.6).

Respondents concede that the Petition is timely filed. (Answer, p.3). Respondents argue that Petitioner's claim is barred from federal review under the independent and adequate state ground doctrine.

---

[5]The appellate court stated:
> Because [Petitioner]... had sixty days from the entry of judgment and sentence in which he could have moved, pursuant to Rule 24.2, Ariz.R.Crim.P., to vacate the judgment of conviction based on the same information he is asserting here, his failure to have done so was indeed a waiver of this claim. The court therefore did not abuse its discretion in ruling this claim precluded pursuant to Rule 32.2.

(Answer, Exh. F, ¶7 (footnote omitted)). The appellate court noted that: "The trial court's minute entry states the claim is precluded pursuant to Rule 32.2(a)(1). Although we find it precluded pursuant to a different provision of Rule 32.2, the finding of preclusion is nonetheless correct." (Answer, Exh. F, ¶7 n.3).

- 4 -

## III. DISCUSSION

### A. Standard: Exhaustion & Procedural Default

#### 1. Exhaustion

A federal court may not grant a petition for writ of habeas corpus unless the petitioner has exhausted the state court remedies available to him 28 U.S.C. § 2254(b); *Baldwin v. Reese,* 541 U.S. 27(2004); *Castille v. Peoples,* 489 U.S. 346 (1989). The exhaustion inquiry focuses on the availability of state court remedies at the time the petition for writ of habeas corpus is filed in federal court. *See O'Sullivan v. Boerckel,* 526 U.S. 838 (1999). Exhaustion generally requires that a prisoner provide the state courts an opportunity to act on his claims before he presents those claims to a federal court. *Id.* A petitioner has not exhausted a claim for relief so long as the petitioner has a right under state law to raise the claim by available procedure. *See* Id.; 28 U.S.C. § 2254(c).

To meet the exhaustion requirement, the petitioner must have "'fairly present[ed]' his claim in each appropriate state court...thereby alerting that court to the federal nature of the claim." *Baldwin,* 541 U.S. at 29; *see also Duncan v. Henry,* 513 U.S. 364, 365-66 (1995). A petitioner fairly presents a claim to the state court by describing the factual or legal bases for that claim and by alerting the state court "to the fact that the...[petitioner is] asserting claims under the United States Constitution." *Duncan,* 513 U.S. at 365-66. *See also Tamalini v. Stewart*, 249 F.3d 895, 898 (9th Cir. 2001) (same). Mere similarity between a claim raised in state court and a claim in a federal habeas petition is insufficient. *Duncan,* 513 U.S. at 365-66.

Furthermore, to fairly present a claim, the petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan,* 526 U.S. at 845. Once a federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied. *See Picard v. Connor,* 404 U.S. 270, 275 (1971). In habeas petitions, other than those concerning life sentences or capital cases, the claims of Arizona state prisoners are exhausted if they have been fairly presented to the Arizona Court of Appeals either on appeal of the

conviction or through a collateral proceeding pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. *Swoopes v. Sublett,* 196 F.3d 1008, 1010 (9th Cir. 1999), *cert. denied* 529 U.S. 1124 (2000). Thus, "[a] petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum..., (2) through the proper vehicle..., and (3) by providing the proper factual and legal basis for the claim...." *Insyxiengmay v. Morgan,* 403 F.3d 657, 668 (9th Cir. 2005) (citations omitted).

## 2. Procedural Default

In some instances, a claim can be technically exhausted even though the state court did not address the merits. This situation is referred to as "procedural bar" or "procedural default." *See Coleman v. Thompson,* 501 U.S. 722, 732 ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him."). A claim is procedurally defaulted if the state court declined to address the issue on the merits for procedural reasons such as waiver or preclusion. *Ylst v. Nunnemaker,* 501 U.S. 797, 802-05 (1991); *Franklin v. Johnson,* 290 F.3d 1223, 1230 (9th Cir. 2002). A higher court's subsequent summary denial reaffirms the lower court's application of a procedural bar. *Ylst,* 501 U.S. at 803.

Additionally, procedural default also occurs if the claim was not presented to the state court and it is clear the state court would now refuse to address the merits of the claim for procedural reasons. *Id.* Thus, if a claim has never been presented to the state court, a federal habeas court may determine whether state remedies remain available.[6] *See Harris v. Reed,* 489 U.S. 255, 263 n.9 (1989); *Franklin,* 290 F.3d at 1231. In Arizona, such a determination often involves consideration of Rule 32 *et seq.* of the Arizona Rules of Criminal Procedure

---

[6]The Ninth Circuit has suggested that, under Ariz.R.Crim.P. 32.2, there are exceptions to the rule that a district court can decide whether state remedies remain available for claims that require a knowing, voluntary, and intelligent waiver. *See Cassett v. Stewart*, 406 F.3d 614 (9th Cir. 2005), *cert. denied,* 546 U.S. 1172 (2006). The issue of waiver must be affirmatively raised by the petitioner. *See Beaty v. Stewart,* 303 F.3d 975, 987 & n.5 (9th Cir. 2002), *cert denied,* 538 U.S. 1053 (2003).

- 6 -

governing post-conviction relief proceedings. For example, Ariz.R.Crim.P. 32.1 specifies when a petitioner may seek relief in post-conviction proceedings based on federal constitutional challenges to convictions or sentences. Under Rule 32.2, relief is barred, *inter alia,* on any claim which could have been raised on direct appeal or could have been raised in a prior Rule 32 petition for post-conviction relief, with the exception of certain claims[7] which were justifiably omitted from a prior petition. Ariz.R.Crim.P. 32.2. Moreover, a state post-conviction action is futile when it is time-barred. *Beaty,* 303 F.3d at 987; *Moreno v. Gonzalez,* 116 F.3d 409, 410 (9th Cir. 1997) (recognizing untimeliness under Ariz.R.Crim.P. 32.4(a) as a basis for dismissal of Arizona petition for post-conviction relief, distinct from preclusion under Ariz.R.Crim.P. 32.2(a)).

Both of these instances of procedural default provide an independent and adequate state-law ground for the conviction and sentence and thus prevents federal habeas corpus review. Accordingly, the procedural default doctrine prevents state prisoners from obtaining federal review by allowing the time to run on available state remedies and then rushing to federal court seeking review. *Coleman,* 501 U.S. at 731-732.

A federal court may not consider a claim that is procedurally defaulted unless the petitioner demonstrates cause and prejudice to excuse the default, or demonstrates a fundamental miscarriage of justice would result. *Gray v. Netherland,* 518 U.S. 152, 161-162 (1996); *see also Murray v. Carrier,* 477 U.S. 478, 485-495 (1986); *Coleman,* 501 U.S. at 750; *Cook v. Schriro,* 538 F.3d 1000, 1028 (9th Cir. 2008) (*citing Schlup v. Delo,* 513 U.S. 298, 321 (1995); *Franklin*, 290 F.3d at 1231. Generally, "cause" sufficient "to excuse a

---

[7]Such claims include: (1) that the petitioner is being held in custody after his sentence has expired; (2) certain circumstances where newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence; (3) the petitioner's failure to file a timely notice of post-conviction relief was without fault on his part; (4) there has been a significant change in the law that would probably overturn petitioner's conviction if applied to his case; and (5) the petitioner demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found petitioner guilty beyond a reasonable doubt. Ariz.R.Crim.P. 32.2(b) (*citing* Ariz.R.Crim.P. 32.1(d)-(h)).

default exists if the petitioner 'can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" *Cook,* 538 F.3d at 1027 (*quoting Murray,* 477 U.S. at 488). Prejudice is defined as actual harm resulting from the constitutional violation or error. *Magby v. Wawrzaszek,* 741 F.2d 240, 244 (9th Cir. 1984). To establish prejudice, a petitioner must demonstrate that the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady,* 456 U.S. 152, 170 (1982). If the petitioner fails to establish cause sufficient to excuse a procedural default, the court "need not consider whether he suffered actual prejudice." *Cook,* 538 F.3d at 1028 n.13.

To fall within the narrow class of cases that implicates a fundamental miscarriage of justice, a petitioner "must come forward with sufficient proof of his actual innocence" which "can be shown when a petitioner presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Sistrunk v. Armenakis,* 292 F.3d 669, 672-73 (9th Cir. 2002) (internal quotation marks and citations omitted). *See also Schlup,* 513 U.S. at 316. The Supreme Court has stated that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623 (1998). "'To be credible,...a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eye-witness accounts, or critical physical evidence–that was not presented at trial.'" *Cook,* 538 F.3d at 1028 (*quoting Schlup,* 513 U.S. at 324).

### 3. Conclusion

In summary, failure to exhaust and procedural default/bar are different concepts. *Franklin*, 290 F.3d at 1230-1231. Under both doctrines, the federal court may be required to refuse to hear a habeas claim. *Id.* The difference between the two is that when a petitioner fails to exhaust, he may still be able to return to state court to present his claims there. *Id.* In contrast, "[w]hen a petitioner's claims are procedurally barred and a petitioner cannot show cause and prejudice for the default [or a fundamental miscarriage of justice]...the district

court dismisses the petition because the petitioner has no further recourse in state court." *Id.* at 1231.

B. Analysis

The Arizona appellate court, which was the last state court to issue a reasoned opinion on Petitioner's juror misconduct claim, held that Petitioner had waived the claim, and thus the claim was precluded from review under Ariz.R.Crim.P. 32.2. (Answer, Exh. F, ¶7). Rule 32.2(a)(3) of the Arizona Rules of Criminal procedure precludes post-conviction relief "upon any ground[]...[t]hat has been waived at trial, on appeal, or in any previous collateral proceeding." Ariz.R.Crim.P. 32.2(a)(3). "When a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court." *Ylst,* 501 U.S. at 801 (*citing Wainwright v. Sykes,* 433 U.S. 72, 87-88 (1977); *Murray,* 477 U.S. at 485-492 (1986)). *See also Thomas v. Lewis,* 945 F.2d 1119, 1123 (9th Cir. 1991) ("The independent and adequate state ground doctrine prohibits the federal courts from addressing the habeas corpus claims of state prisoners when a state-law default prevented the state court from reaching the merits of the federal claims."). "Preclusion of issues for failure to present them at an earlier proceeding under Arizona Rule of Criminal Procedure 32.2(a)(3) 'are independent of federal law because they do not depend upon a federal constitutional ruling on the merits.'" *Cook,* 538 F.3d at 1025 (footnote omitted) (*quoting Stewart v. Smith,* 536 U.S. 856, 860 (2002)). Moreover, the Ninth Circuit has repeatedly determined that Arizona regularly and consistently applies its procedural default rules such that they are an adequate bar to federal habeas review of a claim. *See Ortiz v. Stewart*, 149 F.3d 923, 932 (9th Cir. 1998) (finding Rule 32.2(a)(3) regularly followed and adequate); *Poland v. Stewart*, 117 F.3d 1094, 1106 (9th Cir. 1997) (same); *Martinez-Villareal v. Lewis,* 80 F.3d 1301, 1306 (9th Cir. 1996) (previous version of Arizona's preclusion rules "adequate"); *Carriger v. Lewis*, 971 F.2d 329, 333 (9th Cir. 1992) (same). Consequently, the Arizona appellate court's conclusion that Petitioner's claim was waived pursuant to Ariz.R.Crim.P. 32.2(a)(3) constitutes an independent and adequate state-law bar to federal habeas review of his claim. Further, the state court's alternative finding that

Petitioner failed to state a colorable claim for relief on the issue does not vitiate this procedural bar to federal habeas review. *See Harris,* 489 U.S. at 264 n.10 ("[A] state court need not fear reaching the merits of a federal claim in an *alternative* holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law.")(emphasis in original); *Comer v. Schriro,* 480 F.3d 960, 964& n.6 (9th Cir. 2007) ("A state court, however, does not vitiate a procedural bar ruling by addressing the merits of a claim in the alternative."); *Carriger,* 971 F.2d at 333 (same).

Petitioner has neither alleged nor established cause and prejudice to excuse his procedural default. (*See* Petition; Petitioner's Reply (Doc. 11)). Likewise, he has not raised the miscarriage of justice exception. (*See id.*). On the instant record, Petitioner's Petition is barred from federal habeas review pursuant to the independent and adequate state ground doctrine.

### IV. CONCLUSION

Federal court review of Petitioner's Petition for Writ of Habeas Corpus is barred pursuant to the independent and adequate state ground doctrine.

### V. RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Court dismiss Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) as barred from federal habeas review under the independent and adequate state ground doctrine.

Pursuant to 28 U.S.C. §636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure and LRCiv 7.2(e), Rules of Practice of the U.S. District Court for the District of Arizona, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed.R.Civ.P. 72(b)(2). If objections are filed, the parties should use the following case number: **CV 10-184-TUC-DCB.**

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may be deemed a waiver of the party's right to *de novo* review of the issues. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

DATED this 20th day of July, 2011.

_____
Héctor C. Estrada
United States Magistrate Judge