**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Charles Wayne Marietta,           )<br>              Petitioner,            )<br>v.                                         )<br>                                            )<br>Charles L. Ryan, et.al.,          )<br>              Respondents.        )<br>_____) | CV 10-184-TUC-DCB<br><br><br>**ORDER** |

This matter was referred to Magistrate Judge Hector C. Estrada on April 15, 2010, pursuant to the Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a). On July 20, 2011, Magistrate Judge Estrada issued a Report and Recommendation (R&R) (Doc. 12 .) He recommends dismissing Petitioner's *pro se* Petition for Writ of Habeas Corpus (Petition) (Doc. 1) filed pursuant to 28 U.S.C. § 2254. The Court accepts and adopts the Magistrate Judge's R&R as the findings of fact and conclusions of law of this Court and dismisses Petitioner's *pro se* Petition.

**STANDARD OF REVIEW**

The duties of the district court in connection with a R&R by a Magistrate Judge are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b). Where the parties object to a R&R, "[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140, 149-50 (1985). When no objections are filed, the district court need not review the R&R *de novo*.

This Court's ruling is a *de novo* determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1)(C); *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir.2003) (*en banc*). To the extent that no objection has been made, arguments to the contrary have been waived. Fed. R. Civ. P. 72; *see* 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within 14 days of service of the Report and Recommendation), *see also  McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation)).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. *See also,* Fed. R. Civ. P. 72 (party objecting to the recommended disposition has 14 days to file specific, written objections). The Court has considered the reply filed by the Petitioner and the parties' briefs considered by the Magistrate Judge on the Petitioner's *pro se* Petition.

**OVERVIEW**

In 2004, the Petitioner was convicted after a jury trial of Sexual Conduct with a Minor and Attempted Sexual Conduct with a Minor. (Answer at 2.) He was sentenced to a presumptive 20-year prison term on the sexual conduct conviction, to be followed by lifetime probation on the attempted sexual conduct conviction. (*Id*.) Petitioner appealed his convictions on six issues— none of which were juror misconduct. (R&R at 12 .) On March 29, 2007, the Arizona Court of Appeals found all the claims either precluded or without merit, and affirmed the Petitioner's convictions and sentences. (Answer at 2 & Ex. A.) Petitioner sought review by the Arizona Supreme Court, which denied review without comment. (Answer at 2 & Exs. B & C.)

On August 31, 2007, Petitioner, *pro se*, filed a Notice of Post-Conviction Relief, and later, appointed counsel filed a notice stating that after thorough review of the record, he could find no meritorious ground for post-conviction relief. (Answer, Ex. D; Petition, Ex. C.) In May 2008, Petitioner filed a *pro se* Petition for Post-Conviction Relief (hereinafter "PCR Petition") wherein he claimed that his constitutional rights were violated because of juror bias and misconduct based on alleged statements by two male jurors during deliberations that they had been molested as children and remembered things the way the victim did. (Ex. E, F,G; Petition at 4.)

In August 2008, the trial court summarily denied Petitioner's claim regarding juror misconduct as precluded; however, the trial court later set aside that ruling and allowed the State to file a response to the petition and for Petitioner to file a reply. (R&R at 3; Answer, Ex. F ¶5.) On November 4, 2008, the trial court denied Petitioner's PCR Petition holding that Petitioner's claim regarding juror misconduct was precluded by Ariz. R. Crim. P. 32.2(a)(1).[1] (Answer, Ex. E .) The trial court also found that the Petitioner failed to present evidence of juror misconduct and as such, there was no competent evidence or basis to allow a hearing on the issue. (*Id.*) Further, the trial court denied Petitioner's claim that testimony presented at trial was insufficient to support a guilty verdict as precluded since the issue was not raised on direct appeal. (*Id.*)

Petitioner sought appellate review of the trial court's denial of his PCR Petition. (R&R at 3.) The appellate court granted review, but denied relief. (Answer, Ex. F.) In its June 23, 2009, memorandum decision, the appellate court stated that "[t]he trial court's ruling [was] sustainable on any of several grounds" and held the claim precluded pursuant to Ariz. R. Crim. P. 32(a)(3), which requires claims to be raised on direct appeal. (Answer, Ex. F, ¶7

---

[1] Rule 32.2(a) of the Arizona Rule of Criminal Procedure provides:
  a.   Preclusion. A defendant shall be precluded from relief under this rule based upon any ground:
       (1) Raisable on direct appeal under Rule 31 or on post-trial motion under Rule 24;
       (2) Finally adjudicated on the merits on appeal or in any previous collateral proceeding;
       (3) That has been waived at trial, on appeal, or in any previous collateral proceeding.

n.3.) The appellate court also agreed with the trial court that Petitioner's claim failed because Petitioner did not present competent evidence of juror misconduct or a colorable allegation for prejudice. (Answer ¶¶ 8-12; R&R at 4.) On December 4, 2009, the Arizona Supreme Court denied review without comment. (Answer, Ex. H, I.)

## OBJECTIONS

On August 9, 2011, Petitioner filed Objections to the R&R on the question of law: whether his claim of juror misconduct is procedurally barred because the claim was waived on direct appeal. (Reply to R&R at 2.) Petitioner asks this Court to reverse the conviction, vacate the sentence and remand for dismissal with prejudice. In the alternative, the Petitioner asks the Court to reverse the conviction, vacate the sentence and remand the matter to the trial court for an evidentiary hearing and new trial.

This Court finds that the record in this case fully supports the Magistrate Judge's conclusion that there is no good cause for ordering remand for further hearings and that the Petition be dismissed as barred by the independent and adequate state ground doctrine.

"The independent and adequate state ground doctrine prohibits the federal courts from addressing the habeas corpus claims of state prisoners when state-law default prevented the state court from reaching the merits of the federal claims." *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991). State-law default includes "procedural bar" or "procedural default" where a claim is technically exhausted even though the state court did not address the merits of the claim. *See Coleman v. Thompson*, 501 U.S. 722, 732 ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him.") Procedural default includes instances where the state court declines to address the issue on the merits for procedural reasons, such as waiver and preclusion. *Ylst v. Nunnemaker*, 501 U.S. 797, 802-05 (1991). As the Magistrate Judge correctly noted, "procedural default also occurs if the claim was not presented to the state court and it is clear that the state court would now refuse to address the merits of the claim for procedural reasons." (R&R at 6.) Essentially, a federal habeas court

may decide if state remedies still remain available for a claim that has never been presented to the state court. Of consequence is Rule 32 *et seq.* of the Arizona Rules of Criminal Procedure governing post-conviction relief proceedings. (R&R at 7.) Under Rule 32.2, relief is barred on any claim which could have been raised on direct appeal or could have been raised in a prior Rule 32 petition for post-conviction relief, with the exception of certain claims that were justifiably omitted from a prior petition. Ariz. R. Crim. P. 32.2. Among others, the exceptions include certain circumstances where newly discovered material facts probably exist and such facts would change the verdict or sentence. Ariz. R. Crim. P. 32.2(b) (*citing* Ariz. R. Crim. P. 32.1(d)-(h)).

A claim that is procedurally defaulted, by preclusion under 32.2 for failing to raise the claim on direct appeal, provides an independent and adequate state-law ground for conviction and sentence. A federal court may not consider a claim that is procedurally defaulted unless the petitioner "demonstrates cause and prejudice to excuse the default, or demonstrates a fundamental miscarriage of justice would result." (R&R at 7.)

The Magistrate Judge correctly states that cause to excuse procedural default exists when the petitioner "can show that there was an objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." (R&R at 8 (*citing Cook v. Schriro*, 538 F.3d 1000, 1028 (9th Cir. 2008)). The petitioner must first establish cause before an inquiry as to prejudice is relevant. *Id.* at 8 (*citing Cook*, 538 F.3d at 1028 n. 13). If the petitioner proves cause, the petitioner must then establish prejudice by demonstrating that the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with the error of constitutional dimensions." *Id.* at 8 (*citing United States v. Frady*, 456 U.S. 152, 170 (1982). If cause and prejudice cannot be established to overcome procedural default, a petitioner is left to argue that his case falls within the extremely limited number of situations that implicate a fundamental miscarriage of justice in which the petitioner "must come forward with sufficient proof of actual innocence." (R&R at 8 (*citing Sistrunk v. Armenakis*, 292 F.3d 669. 672-73 (9th Cir. 2002)).

Here, the Magistrate Judge correctly found the Petitioner failed to demonstrate cause and prejudice, and failed to present any evidence that even suggests actual innocence.

There being no excuse to the procedural default, the Petitioner's claim of juror misconduct is procedurally barred by the independent and adequate state ground doctrine. The Petitioner claims that the misconduct arises from statements made by male jurors during deliberation that they had been sexually molested as children, and they remembered the events the same way the victim remembered events in this case.  (Reply to the R&R at 3). Information regarding the alleged juror statements came from a report authored by the defense's  investigator wherein the investigator noted Ms. Prudence, a juror, revealed the supposed comments.  The report is dated October 6, 2005.   The Petitioner was sentenced on November 2, 2005, but failed to inform the trial court judge of the alleged juror misconduct. The Petitioner filed a direct appeal to the Arizona Court of Appeals raising six separate issues.  Similarly, none of the claims involved juror misconduct.  The Court of Appeals affirmed Petitioner's sentence and conviction on March 29, 2007.  Not until August 31, 2007, did Petitioner raise the issue of juror misconduct in his *pro se* Notice for Post-Conviction Relief.  The trial court denied Petitioner's *pro se* PCR Petition on November 4, 2008.  The trial court decided that Petitioner's claim of juror misconduct was waived since it was not raised to the trial court or in the direct appeal, and noted that the investigative report was prepared for the Petitioner's attorney.  The Court of Appeals issued an opinion reviewing the trial court's dismissal of the *pro se* PCR Petition and an affidavit from Ms. Prudence and arrived at the same conclusion: the claim to juror misconduct was waived.

This Court adopts as its own the Magistrate Judge's finding that the "Arizona appellate court's conclusion that Petitioner's claim was waived pursuant to Ariz.R.Crim.P. 32.2(a)(3) constitutes an independent and adequate state-law bar to federal habeas review of his claim." Although Petitioner contends that he did not have access to the Investigative Report, the fact remains that the Investigative Report "had been known to defense counsel well before Petitioner was sentenced on November 8, 2005, and could have been urged in the trial court before sentencing and raised on direct appeal."  (Answer, Ex. F.)  Although Petitioner

contends that he did not waive the right to the claim of juror misconduct because "counsel cannot waive such a right," he is mistaken. Since counsel had this information and never brought it to the attention of the trial court judge or on direct appeal, the only viable claim Petitioner may have argued was ineffective assistance of counsel – which is now barred under the same theory discussed in this order. There is no need to reach the evidentiary question of whether the proffered affidavit of Ms. Prudence, which the Petitioner again offers in his Objection to the R&R, is hearsay. The claim of juror misconduct is barred under the independent and adequate state law doctrine.

## CONCLUSION

After *de novo* review of the issues raised in Defendant's objections, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in his R&R for determining the pending *pro se* Petition filed pursuant to 28 U.S.C. § 2254. The Court adopts it, and for the reasons stated in the R&R, the Court dismisses Petitioner's *pro se* Petition.

After an independent review of the record, this Court dismisses this action in its entirety.

**Accordingly,**

**IT IS ORDERED** that the Report and Recommendation (Doc. 12) is adopted as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Petition Under 28 U.S.C. § 2554 for a Writ of Habeas Corpus By a Person in State Custody (Doc. 1) is DENIED.

**IT IS FURTHER ORDERED** that the clerk of the Court shall dismiss this action with prejudice and enter Judgment accordingly.

DATED this 17th day of November, 2011.

David C. Bury
United States District Judge